IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KRISTY OWEN, | ) | 4:06CV3118 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| JOHN LOEBIG, in his individual and | ) | |
| official capacities, and ROBIN ELLIOTT, | ) | |
| in his individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff claims that the defendant police officers unlawfully entered her home and ordered her to leave for the night after she was involved in a domestic dispute with her husband (whose son is the brother-in-law of one of the defendants). The defendants, in their individual capacities, have moved for summary judgment based on qualified immunity. The motion will be granted in part and denied in part.

The defendants argue that they had permission to enter the plaintiff's home because her husband, who was not present at the time, had earlier asked them to check on his wife's welfare. They state that the plaintiff's husband was concerned she might harm herself after hearing from him that he wanted a divorce (and after punching him in the face). However, this so-called "welfare check" could have been accomplished simply by going to the residence, knocking on the door, and, assuming that the plaintiff answered, talking to her at the doorway.[1] On the facts presented, the defendants could not reasonably have believed that they had been given the

---

[1] Because there is no evidence that the husband gave the police permission to enter into the home, I need not decide whether it was clearly established at the time that consent given by an absent occupant is ineffective when his or her co-tenant is physically present in the dwelling. Much of the parties' briefing is devoted to this consent issue.

husband's consent to enter the residence.  See United States v. Lakoskey, 462 F.3d 965, 974 (8th Cir. 2006) (no implied consent where defendant did not invite police into his home and they did not ask permission to enter).

The defendants also argue that exigent circumstances justified a warrantless entry into the dwelling, but they reference only vague statements by the plaintiff's husband that she was intoxicated and had threatened in the past to harm herself. While a police officer may enter a residence without a warrant as a community caretaker where the officer has a reasonable belief that an emergency exists requiring his or her attention, see United States v. Quezada, 448 F.3d 1005, 1007 (8th Cir. 2006), the defendants have failed to articulate specific facts from which it might reasonably be concluded that they were faced with an emergency situation.[2]

Although not discussed in the defendants' brief, Officer Elliott states in his affidavit that he and Officer Loebig "spoke with [the plaintiff] through the screen door and [we] were let into the residence."  (Filing 18 at 8.)  The plaintiff disputes this version of the encounter and states that she discovered the officers standing in her kitchen when she went to get some water.  She expressly denies that she let them enter.  (Filing 25 at 2.)[3]  Thus, there is a genuine dispute as to predicate facts which prevents a determination of whether the officers could reasonably believe that they entered the plaintiff's home with her consent.

_____

[2] The defendants also do not discuss the "knock-and-announce" rule that is part of the Fourth Amendment reasonableness inquiry.  See Wilson v. Arkansas, 514 U.S. 927, 934 (1995).

[3] The plaintiff's affidavit was not filed in accordance with our local rules, which require that evidentiary materials in opposition to a motion "be filed separately with an index listing each item of evidence being filed and identifying the motion to which it relates."  NECivR 7.1(b)(2)(B).  The plaintiff's affidavit is not accompanied by an index and does not state that it is filed in opposition to the defendants' motion. Plaintiff's counsel is cautioned to adhere to these filing requirements in the future.

4:06-cv-03118-RGK-DLP   Doc # 27   Filed: 12/07/06   Page 3 of 6 - Page ID # 155

Regarding the alleged unlawful seizure of the plaintiff's person, there is also a wide disparity between the accounts of the parties.[4] The defendants say that they suggested to the plaintiff that she leave her home because her husband needed to return there for his prescription medicines; that after some discussion the plaintiff agreed to spend the night in a hotel; that the plaintiff voluntarily submitted to a breathalyzer test and registered an alcohol content of .05; that even though the plaintiff tested below the legal limit, the officers advised that they did not want her driving, whereupon she accepted the offer of a ride; and that Officer Elliott then drove the plaintiff to a hotel, dropped her off, and left. The plaintiff says that Officer Loebig told her "in a loud and aggressive manner" to pack up some things because she was not staying in her home that night; that she was never told why she had to leave and there was never any discussion about her well-being; that there was also no discussion about the need for her husband to return home for his medicines, which

---

[4] The defendants correctly note that the plaintiff's brief does not comply with NECivR 56.1(b)(1), which requires a brief in opposition to a motion for summary judgment to include "a concise response to the moving party's statement of material facts . . . [that] shall address each numbered paragraph in the movant's statement and, in the case of any disagreement, contain pinpoint references to affidavits, pleadings, discovery responses, deposition testimony (by page and line), or other materials upon which the opposing party relies." This local rule further provides that "[p]roperly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." Id. The plaintiff's brief does not address each paragraph of the defendants' statement of material facts, but instead contains an independent "statement of material facts." The primary purpose of the local rule is to expedite the court's handing of summary judgment motions, see Cordray v. 135-80 Travel Plaza, Inc., 356 F. Supp. 2d 1011, 1015-16 (D. Neb. 2005), and the potential penalty for failing to follow the rule is the entry of an adverse judgment. However, in this case, because of the limited amount of evidence submitted by both sides, and because of the plaintiff's submission of her own statement of material facts, I have examined the complete record and do not treat the plaintiff's failure to specifically address the defendants' statement of material facts as an admission as to the truthfulness of such statement. Again, however, plaintiff's counsel is cautioned to comply with our local rules in the future.

3

she had already assembled and could easily have handed over to the officers; that she insisted on taking a blood alcohol test because she did want to be accused of being intoxicated; that Officer Loebig ordered her to spend the night in a hotel and to ride there with Officer Elliott; that her requests to drive herself were denied; and that Officer Elliott did not leave her side until after she had checked into the hotel and found her room.

An encounter between citizens and police does not trigger Fourth Amendment scrutiny unless "it loses its consensual nature." United States v. Carpenter, 462 F.3d 981, 985 (8th Cir. 2006) (quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)). Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may it be concluded that a "seizure" has occurred. Id. So long as a reasonable person would feel free "to disregard the police and go about his business," the encounter is consensual. United States v. Coney, 456 F.3d 850, 858 (8th Cir. 2006) (quoting Bostick, 501 U.S. at 434) (internal citation omitted). Accepting the plaintiff's version of the facts as true, see Plemmons v. Roberts, 439 F.3d 818, 822 (8th Cir. 2006) (although qualified immunity ordinarily should be decided by the court long before trial, the nonmoving party is still given the benefit of all relevant inferences at the summary judgment stage), I find that the officers seized the plaintiff when they forced her to leave her home and to spend the night in a hotel. I also find that the seizure was unreasonable.

Whether the seizure of a person by a police officer acting in his or her noninvestigatory capacity is reasonable depends on whether it is based on specific articulable facts and requires a reviewing court to balance the governmental interest in the police officer's exercise of his or her "community caretaking function" and the individual's interest in being free from arbitrary government interference. Samuelson v. City of New Ulm, 455 F.3d 871, 877 (8th Cir. 2006); Winters v. Adams, 254 F.3d 758, 763 (8th Cir. 2001). The officers' decision to evict the plaintiff from her home obviously had nothing to do with the purported reason for

4

their visit (i.e., to check on the plaintiff's well-being), and both officers admit that they determined early on that the plaintiff had no intention of harming herself. (Filing 18 at 4, 9.) Rather, they only claim that the plaintiff was taken to a hotel because her husband needed to return home for his medicines, and they did not want there to be another altercation. As the plaintiff points out, however, the officers' purported goal of preserving the peace could have been accomplished more easily and without invading her rights by taking the medicines to her husband, who was at his son's house. By allowing the plaintiff's husband to return home while requiring her to leave, the officers took a side in a domestic dispute when there was no apparent need to do so. This was unreasonable.

Even so, the defendants are entitled to qualified immunity if they could not have been expected to know on the night in question, April 24, 2005, that their seizure of the plaintiff was unlawful. To defeat a claim of qualified immunity, the contours of an alleged constitutional right must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Smook v. Minnehaha County, 457 F.3d 806, 813 (8th Cir. 2006) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id. (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Although qualified immunity is an affirmative defense for which the defendant carries the burden of proof, the plaintiff must demonstrate that the law was clearly established. Sparr v. Ward, 306 F.3d 589, 593 (8th Cir. 2002); Johnson-El v. Schoemehl, 878 F.2d 1043, 1048 (8th Cir.1989).

Because the lawfulness of the seizure of a person in a non-criminal context is determined by applying a balancing test, the qualified immunity defense will prevail in such instance unless there was "closely corresponding factual and legal precedent" available to establish that the seizure was unlawful. See Myers v. Morris, 810 F.2d 1437, 1462-63 (8th Cir. 1987); Warner v. Graham, 845 F.2d 179, 183-84 (8th Cir.

5

1988); Bartlett v. Fisher, 972 F.2d 911, 916 (8th Cir.1992) ("[W]henever a balancing of interests is required, the facts of the existing caselaw must closely correspond to the contested action before the defendant official is subject to liability....") (quoting Benson v. Allphin, 786 F.2d 268, 276 (7th Cir.1986)).   In the present case, the plaintiff has failed to demonstrate with even one factually similar case that the officers should have known that their seizure of her person was unreasonable.  As a result, the defendants are entitled to qualified immunity.

In summary, the unlawful entry claim will proceed because the plaintiff has sworn that the defendants entered her home without her permission and without a warrant, and because the defendants have failed to show either that they reasonably believed they had received permission to enter from the plaintiff's husband or that they were responding to an emergency; however, the unlawful seizure claim will be dismissed with prejudice.  Accordingly,

IT IS ORDERED that the defendants' motion for summary judgment based on qualified immunity (filing 16) is granted in part and denied in part, as follows:

1.    The plaintiff's claim that the defendants seized her person in violation of the Fourth and Fourteenth Amendments is dismissed with prejudice.

2.    In all other respects, the motion is denied.

December 7, 2006.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     United States District Judge

6